## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## (SAN FRANCISCO)

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

FILED

SEP 26 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

LARRY GOLDEN

*Pro Se* Plaintiff,

V.

APPLE INC.

Defendant.

---

CASE NO: 3:22-cv-04152-VC

**(JURY TRIAL DEMANDED)**

**(Sherman Act) (Motive to Form a Conspiracy) (Conspiracy) (Unreasonable Restraint on Trade) (The Clayton Act) (Unjust Enrichment) (Willful Patent Infringement).**

September 22, 2022

---

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT

This is a civil action brought under Antitrust Law violations commencing from competitor collaborations, conspiracy to restrain trade, and the illegal formation or maintenance of a monopoly, which likely resulted from secret conspiracies that involve exclusive agreements and the anticompetitive practices that "unjustly enriched" Apple; as recognized by this Court.

Plaintiff is also alleging direct infringement, contributory infringement, infringement under the "*doctrine of equivalents*" and joint infringement.

**In *Golden v. Apple*, No. 2022-1229**

The Federal Circuit affirmed dismissal of Plaintiff's case against Apple for the following reason:

> "Mr. Golden does not argue that the docketed complaint contains factual allegations beyond those contained in his original complaint [the original complaint here refers to the original complaint file in the U.S. District Court for the District of South Carolina-Greenville in 2019] or that the allegations in the docketed complaint do anything beyond listing the alleged infringed-upon patent claims and the alleged infringing devices. This is plainly insufficient. We see no error in the district court without prejudice dismissal of the Apple case." *Golden v. Apple*, No. 2022-1229 **Exhibit A**

As noted above, the Federal Circuit affirmed that the Apple case [No. 2022-1229] is "dismissed without prejudice". In this present case, Plaintiff informed the Court in his Complaint docketed at 1, that the related case *Larry Golden vs. Apple Inc. et al*; Case No.: 6:20-cv-04353-JD-KFM Date Filed 11/02/21 Entry No. 26 was dismissed without prejudice.

Dismissed without prejudice is when a court dismisses a claim but leaves the plaintiff free to bring a subsequent suit based on the same grounds as the dismissed claim. *In Semtek Intern. Inc. v. Lockheed Martin Corp.*, the Supreme Court pointed out that one of the main features of dismissal without prejudice is that it does not prevent refiling of the claim…

> "a case that is dismissed "without prejudice" is only dismissed temporarily. This temporary dismissal means that the plaintiff is allowed to re-file charges, alter the claim, or bring the case to another court."

Plaintiff believe the Northern District of California is the proper venue to refile his claims against Apple because on May 22, 2017, the U.S. Supreme Court narrowed the scope of proper venue for patent infringement actions for domestic corporations. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341 (May 22, 2017). The *TC Heartland* decision reverses the

approach to venue previously adopted by the U.S. Court of Appeals for the Federal Circuit,
which had held for 27 years that a domestic corporation can be sued for patent infringement
anywhere that corporation was subject to personal jurisdiction.

The special venue statute for patent infringement actions, 28 U.S.C. § 1400(b), has two
provisions permitting venue: "[1] where the defendant resides, or [2] where the defendant has
committed acts of infringement and has a regular and established place of business."

Since the enactment of that statute, the Supreme Court consistently has interpreted
Section 1400(b)'s first provision of proper venue— "where the defendant resides". *E.g., Fourco
Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957). As a result, a domestic
corporation may now be sued for patent infringement only in its state of incorporation or where it
has committed acts of infringement and has a regular and established place of business.

In the related COFC case *Larry Golden v. The United States*, Case 1:13-cv-00307-EGB
Document 215 Filed 02/26/21, [where the DOJ is defending Apple], the COFC affirmed that the
complaint combined with the [Apple] claim chart was enough to overcome the Government, who
was defending Apple in the case, Motion to Dismiss under 12(b)(1) and 12(b)(6). COFC writes:

> "Pending is defendant's motion to dismiss plaintiff's [] amended complaint under Rules
> 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims … On
> October 21, 2013, the court granted defendant's motion for a more definite statement and
> directed plaintiff to file such… Plaintiff's more definite statement … continued to assert
> infringement … by DHS and NASA and a host of third-party electronics manufacturers,
> such as LG, Apple, and Qualcomm, whom he alleged had "cooperative agreements" with
> DHS. Second Am. Compl. ¶ 30" … "On February 7, 2014 … Plaintiff claimed
> infringement by third parties: Seacoast Science Inc., Center for Nanotechnology at
> NASA's Ames Research Center, and Rhevision Technology Inc., Samsung Electronics
> Co. Ltd, LG Electronics Inc., Apple Computer Inc., and Qualcomm Inc., but asserted that
> all the third parties had entered into cooperative agreements from the Department of

Homeland Security for providing hardware, providing software, and providing wireless service" … "As to defendant's argument that plaintiff's current infringement allegations are too 'vague as to the nature of the Cell-All project and exactly how plaintiff alleges the Cell-All Project infringed the '497 Patent,' we disagree. Def. Mot. to Dismiss at 12." "In alleging infringement of his patented CMDC technology, plaintiff attached a lengthy series of 'claim charts' illustrating allegations of how the government, and third parties at the government's behest, are infringing certain of his patents' claims. Sixth Am. Compl. Ex. 7 at 100-108" … "In exhibit 7 to his present complaint, plaintiff's claim chart illustrates instances of alleged infringement of the '189 patent, '287 patent, '439 patent, '497 patent, and the '752 patent. E.g., id. at 100-108. He includes separate charts for a device manufactured by LG, one by Apple, and Samsung. The next chart in exhibit 7 explains why he believes that the Cell-All initiative resulted in the manufacture of these devices for DHS. More detail is appended regarding each of the accused devices in charts and diagrams that follow. In short, we cannot conclude on the face of these documents without more detailed briefing and examination that no valid patent claim has been presented. Read together with the sixth amended complaint, it is clear that Mr. Golden is alleging that the government caused the manufacture of all of these devices or caused these devices to use his technology. In light of his *pro se* status, we cannot say that he has failed to allege a patent infringement claim as a matter of law on the face of the complaint nor for any reason presented by defendant's motion. See *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-58 (Fed. Cir. 2007)." *Larry Golden v. The United States*, Case 1:13-cv-00307-EGB Document 215 Filed 02/26/21. **Exhibit B**

Plaintiff included in this case as an attachment [Exhibits 1-3, 1-4, & 1-5], to the complaint, a 220-page claim chart that identifies an element-by-element illustration of the same allegedly infringing Apple products [iPhones 11 & 12, and Apple Watch Series 5 & 6] that was presented above in the related COFC case *Larry Golden v. The United States*, Case 1:13-cv-00307-EGB. Plaintiff alleged Apple has infringed 25 independent claims of 5 of Plaintiff's patents.

Recent Federal Circuit decisions further illustrate the level of specificity required to plead patent infringement. *In Bot M8 LLC v. Sony Corporation of America*, which was decided after briefing on the instant Motion, the Federal Circuit held that "[a] plaintiff is not required to plead infringement on an element-by-element basis." 4 F.4th 1342, 1352 (Fed. Cir. 2021).

In *Disc Disease Solutions*, despite the plaintiff only alleging that the accused devices met "each and every element of at least one claim" of the relevant patents, the Federal Circuit determined that identifying and naming the three accused devices, including attaching photos of the devices, provided fair notice of infringement (even with minimal factual allegations as to the patents' claims), due to the simplicity of the technology at issue. 888 F.3d at 1260.

On a motion to dismiss, Plaintiff need not prove its case or even plead its claim of infringement element-by-element. *Bot M8*, 4 F.4th at 1352; *see Henke*, 60 F.3d at797 (courts "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor" in deciding a Rule 12(b) motion.

In *JG Technologies, LLC v The United States*; COFC Case No. 20-455C, filed October 29, 2021, the Court found, "'reciting the claim elements and merely concluding that the accused product has those elements' would be sufficient … [t]he Plaintiff's citation to an article on the use of passive scanners by the TSA and a PowerPoint demonstrating the Army and Air Force as customers of Thruvision, while not specifying exact make and model numbers of infringing equipment, sufficiently put the government on notice." https://www.crowell.com/NewsEvents/ AlertsNewsletters/all/COFC-Dismissal-Order-Highlights-the-Pre-Litigation-Traps-and-Timeliness-Bars-of-Section-1498-Claims

Therefore, Plaintiff is asking the Court to strike Apple's Motion to Dismiss because Apple fail to consider allegations of fact that could preclude dismissal under 12(b)(6).

**In *Golden v. US*, No. 2022-1196**

The Federal Circuit affirmed dismissal of Plaintiff's case against the United States for the following reason:

> "We review the Claims Court's dismissal of a case pursuant to RCFC 41(b) for an abuse of discretion. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). "[T]he trial court's exercise of discretion will not be disturbed on appeal unless upon a weighing of relevant factors we are left with a definite and firm conviction that the court below committed a clear error of judgment." Id. "[I]n turn, Patent Rule 4 required Mr. Golden to prepare 'a chart identifying where each element of each asserted claim is found within each accused product, process, or method.'" "[M]r. Golden failed to identify in the accused products at least two key elements claimed in his patents: the sensor and locking limitations" *Golden v. US*, No. 2022-1196 **Exhibit C**

The Claims Court dismissed, for various reasons unsupported by facts. See Plaintiff's "***Informal Petition for Rehearing En Banc***", filed in the case of *Golden v. US*, No. 2022-1196 for a list of "clear errors of judgement committed by the Claims Court. **Exhibit D**

The *Petition* illustrates and explains how Plaintiff was placed in a position of being "damned if he does, and damned if he doesn't". One example: the Claims Court dismissed Plaintiff's case because the Court claims Plaintiff disobeyed an order not to enlarge or enhance the scope of the case.

Patent Rule 4 required Plaintiff to prepare 'a chart identifying where each element of each asserted claim is found within each accused product, process, or method. The "CPU" is an element found in the twenty-five independent claims [either expressly or implied], Plaintiff asserted in the case, as Apple having allegedly infringed. NASA's subcontractor's NODE+ for CBR detection, the Court used to dismiss Plaintiff's case for enlarging or enhancing the scope of the case. Subcontractors are recognized under 28 U.S.C. § 1498(a).

When Plaintiff identified the CPU as a claim element, the Court dismissed the case because the Court said the CPU is an enlargement; that the CPU enhances the scope of the case; which, puts Plaintiff in violation of the Court's order.

Instead, the Court stated Plaintiff's CPU is a separate invention that needs a claim chart, but the claim chart cannot be introduced into the case because that would be an enlargement in violation of the Court's order. The Claims Court stated Plaintiff's CPU is a sensor for detecting CBR hazardous materials. In other words, the Claims Court has determined Plaintiff fail to identify where inside Apple's alleged infringing products the CPU element is found.

The Court stated the sensors must be "native" to the manufacture of the Apple products. During the Cell-All Live Demonstration for Environmental Sensing (Webcast), September 28. (Accessed 17.09.12), the DHS made it very clear that the second phase of the *Cell-All* initiative will include sensors/detectors external the host device: "[d]uring the development of second-generation prototypes, chemical sensors were separated from the phones, allowing for initial market deployment of the sensors through third-party products, such as sleeves, that could be added to existing phones" (U.S. Department of Homeland Security, 2011a)

In Rhevision's solution [Rhevision is a third-party contractor for the *Cell-All* initiative], the company has replaced the camera lens in a cell phone with a microfluidic lens that still functions as a camera but uses a microscope to focus on the surface of a chemical sensor. Cell Phone Chemical Sensing Program Shows Progress, Official Says https://www.defensedaily.com/cell-phone-chemical-sensing-program-shows-progress-official-says/homeland-security/

A tiny silicon chip that... detect[s] dangerous airborne chemicals and alert emergency responders through the cell phone network. "Cell phones are everywhere people are," said Michael Sailor, professor of chemistry and biochemistry at the University of California, San

Diego who heads the research effort. [E]mbedded in many cell phones… the new type of sensor could map … hazards like gas leaks or the deliberate release of a toxin.

A ***megapixel*** camera smaller than the head of a pencil eraser captures the image from the array of nanopores in Sailor's chip. The lens, developed by Rhevision, uses fluid rather than bulky moving parts to change its shape, and therefore focus.

> "The beauty of this technology is that the number of sensors contained in one of our arrays is determined by the ***pixel*** resolution of the cell phone camera. With the ***megapixel*** resolution found in cell phone cameras today, we can easily probe a million different spots on our silicon sensor simultaneously. So, we don't need to wire up a million individual sensors," Sailor said. "We only need one".

Yu-Hwa Lo, professor of electrical and computer engineering at UC San Diego's Jacobs School of Engineering and founder of Rhevision developed the lens. The project is funded by the Department of Homeland Security. *Cell Phone Sensors for Toxins Developed at UC San Diego: Tiny sensors tucked into cell phones could map airborne toxins in real time*. Source: https://www.understandingnano.com/cell-phone-sensors-toxins.html

Rhevision's schematics for a cell phone camera is identified and described ***243 times*** for Apple, Samsung, and LG, in Plaintiff-Appellant's Preliminary Infringement Contentions Charts.

Therefore, as reiterated below, the sensor for CBR detection is the ***megapixel*** camera sensor located inside each of Apple's allegedly infringing smartphones:

❖ Apple iPhone 12; Main camera: Dual - 12 MP [***Megapixel***], f/1.6, 26mm (wide), 1.4μm, dual pixel PDAF, OIS - 12 MP [***Megapixel***], f/2.4, 13mm, 120˚ (ultrawide), 1/3.6"

❖ Apple iPhone 11; Main camera: Dual - 12 MP [***Megapixel***], f/1.8, 26mm (wide), 1/2.55", 1.4μm, dual pixel PDAF, OIS - 12 MP [***Megapixel***], f/2.4, 120˚, 13mm (ultrawide), 1/3.6"

❖ Apple iPhone XS; Main camera: Dual - 12 MP [***Megapixel***], f/1.8, 26mm (wide), 1/2.55", 1.4μm, dual pixel PDAF, OIS - 12 MP [***Megapixel***], f/2.4, 52mm (telephoto), 1/3.4", 1.0μm, PDAF, OIS, 2x optical zoom

❖ Apple iPhone SE; Main camera: 12 MP [*Megapixel*], f/2.2, 29mm (standard), 1/3",
   1.22μm, PDAF. Selfie camera: 1.2 MP [*Megapixel*], f/2.4, 31mm (standard)

❖ Apple iPhone 8; Main camera: 12 MP [*Megapixel*], f/1.8, 28mm (wide), PDAF, OIS.
   Selfie camera: 7 MP [*Megapixel*], f/2.2

❖ Apple iPhone 7; Main camera: 12 MP [*Megapixel*], f/1.8, 28mm (wide), 1/3", PDAF,
   OIS. Selfie camera: 7 MP [*Megapixel*], f/2.2, 32mm (standard)

The Court never accepted the camera sensor as the CBR sensor located inside Apple's

products and is "native" to the manufacture of the Apple products. Likewise, the Government

never proved noninfringement and/or patent invalidity.

## In *Golden v. Google*, No. 2022-1267

The Federal Circuit affirmed dismissal of Plaintiff's case against Google for the

following reason:

> "LARRY GOLDEN, Plaintiff-Appellant v. GOOGLE LLC, Defendant, Appeal from the
> United States District Court for the District of South Carolina in No. 6:21-cv-00244-JD,
> Judge Joseph Dawson, III." … "On January 26, 2021, in Case No. 22-1267, Mr. Golden
> separately sued Google LLC for patent infringement ("the Google case"). "In the Google
> case, the district court dismissed the complaint with prejudice and without the issuance of
> service of process… We have jurisdiction under 28 U.S.C. § 1295(a)(1). On appeal, Mr.
> Golden has filed briefs, while the defendants have not filed responsive briefs." … "In the
> Google case, the district court again concluded that Mr. Golden's complaint was
> frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart
> mapping features of an accused product, the Google Pixel 5 Smartphone, to independent
> claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189. The district court
> discounted this claim chart because it "contains the exact same language as the claim
> charts previously rejected by the Federal Circuit [in the 2019 case], although Google
> Pixel 5 Smartphone appears in the far-left column instead of Apple." Dist. Ct. Op. at 4.
> But to the extent that the chart includes the "exact same language" as previously rejected

charts, it is simply the language of the independent claims being mapped to. The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case. It attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner." … "We conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed and request service of process. … We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous." … "For the foregoing reasons, we … vacate the dismissal in Case No. 22-1267, and remand for further proceedings consistent with this opinion. **Exhibit E**

The Federal Circuit acknowledge the sufficiency of Plaintiff's charts, which validates Plaintiff's patented rights for a CMDC device [claim 5 of the '287 patent]; a new and improved cell phone [claim 23 of the '439 patent]; and, a communication device of at least one of a cell phone, a smart phone, a desktop, a handheld, a PDA, a laptop… [claim 1 of the '189 patent].

The three patent claims above represent only 3 of the 23 patent claims asserted in this case for Plaintiff's '287, '439, and '189 patents. The Federal Circuit stated: "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "[w]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims …."

The following chart is a scaled down version of the chart included in the U.S. District Court South Carolina in *Larry Golden vs. Google LLC*; Case No. 6:21-cv-00244-JD **Exhibit F**.

| Google Pixel 5 Smartphone | Patent #: 10,163,287; Independent Claim 5 | Patent #: 9,589,439; Independent Claim 23 | Patent #: 9,096,189; Independent Claim 1 |
|---|---|---|---|
|  | A monitoring device, comprising: | A cell phone comprising: | A communication device of at least one of a cell phone, a smart phone, a desktop, a handheld, a PDA, a laptop, or a computer terminal for monitoring products….: |
| CPU: Octa-core (1 × 2.4 GHz Kryo 475 Prime & 1 × 2.2 GHz Kryo 475 Gold & 6 × 1.8 GHz Kryo 475 Silver) SoC: Qualcomm Snapdragon 765G | at least one central processing unit (CPU); | a central processing unit (CPU) for executing and carrying out the instructions of a computer program; | at least one of a central processing unit (CPU) for executing and carrying out the instructions… |
| Connectivity: Wi-Fi 5 (a/b/g/n/ac) 2.4 + 5.0 GHz, Bluetooth 5.0 + LE, NFC, GPS (GLONASS, Galileo, BeiDou), eSIM capable | at least one global positioning system (GPS) connection in communication with the at least one CPU; | at least one of a satellite connection, Bluetooth connection, WiFi connection, … cellular connection, … or GPS connection; | at least one of a satellite connection, Bluetooth connection, WiFi connection, … cellular connection, … or GPS connection; |
| If you fail to solve the pattern too many times, the phone locks and cannot be unlocked without logging into the … Google account. | locking mechanism configured to at least one of engage (lock) … disengage (unlock) … or disable (make unavailable) | whereupon the cell phone is interconnected …to activate or deactivate security systems… | X |
| BIOMETRICS: The Android framework includes face and fingerprint biometric authentication. | … one biometric sensor in communication with the at least once CPU for providing biometric authentication… | … the cell phone is equipped with … at least one of a fingerprint recognition, … face recognition, | … the communication device … at least one of a fingerprint recognition, … face recognition, … … the communication device … cell phone, the smart phone, the desktop, the handheld… the laptop |
| *Android Team Awareness Kit*, ATAK (built on the Android operating system) … now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins. | one or more detectors in communication with the at least one CPU for detecting at least one of chemical, biological, radiological, or explosive agents; | at least one of a chemical sensor, a biological sensor, an explosive sensor, a human sensor, a contraband sensor, or a radiological sensor capable of being disposed within, on, upon or adjacent the cell phone; | wherein the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories; |

The above chart identifies elements (CPUs, sensors/detectors, locks), the Court of Federal Claims improperly dismissed in Plaintiff's Golden v. US case (13-307C) for failure to identify.

In this Google case, that has been vacated and remanded back to the District Court, is now filed with the U.S. District Court for the Northern District of California-Oakland: *Golden v. Google LLC;* Case #: 4:22-cv-05246-HSG.

The Federal Circuit has already reviewed Plaintiff's claim of "joint infringement" between Apple and Google. Plaintiff's intentions are to amend the Google case filed with the U.S. District Court for the Northern District of California-Oakland: *Golden v. Google LLC;* Case #: 4:22-cv-05246-HSG; and name Apple as a Defendant.

## APPLE HAS *"IGNORED"* PLAINTIFF'S PATENTS FOR NEARLY TWELVE YEARS

The US District for the Eastern Court of Texas in *Motiva Patents, LLC v. HTC Corporation*, E.D. Texas, 9:18-cv-00179 (Oct. 2019), ruled that having a policy of ignoring others' patents is sufficient grounds to support claims of willful patent infringement.

The Eastern District Court found HTC's policy of ignoring others' patents opened the door for support of Motiva's assertions that HTC willfully infringed upon Motiva's patents. The court stated that intentionally being blind to the facts was essentially the same as knowing about a competitor's patent and infringing on it anyway.

The basic principle of "ignorance of the law is no excuse" applies to patent infringement—as the defendant in a Texas patent case discovered.

On November 11, 2010, Plaintiff sent the CEO of Apple, Tim Cook, a proposal letter for entering into a licensing agreement with Plaintiff. **Exhibit G**

On March 15, 2019, Plaintiff sent the CEO of Apple, Tim Cook, another proposal letter for entering into a licensing agreement with Plaintiff. Plaintiff and Krista Grewal, Counsel, IP Transactions, were in conversations between April 4, 2019 thru August 15, 2019. See *Motiva Patents, LLC v. HTC Corporation*, E.D. Texas, 9:18-cv-00179 (Oct. 2019) "intentionally being blind to the facts was essentially the same as knowing about a competitor's patent and infringing on it anyway". **Exhibit H**

In the Case of Golden v. US, 13-307C, the COFC issued Apple a ***NOTICE*** on March 31, 2021, pursuant to Rule 14 (Dkt.224), for Apple to appear to protect any interest it may have in the patent infringement case. Apple ignored the ***NOTICE*** and fail to appear. **Exhibit I**

"Under Rule 14(b) of the Rules of the United States Court of Federal Claims (RCFC), the court "may notify any person with the legal capacity to sue or to be sued who is alleged to have an interest in the subject matter of the suit."

"[T]he Federal Circuit held in *In re UUSI, LLC*, that a third party's potential obligation to indemnify the government for any patent infringement liability provides "sufficient interest in litigation to offer evidence and advance legal arguments appropriate to protect its own interests." 549 F. App'x 964, 968 (Fed. Cir. 2013), aff'g *UUSI, LLC v. United States*, 110 Fed. Cl. 604 (2013).

"[C]ontractors should be aware that failure to appear in response to a notice under Rule 14(b) acts as a waiver of any later argument" … As the USCFC held in *Bowser, Inc. v. United States*:

"We think there is implicit in the whole plan and purpose of Subsection 14(b) a congressional intent that the issues of fact and law decided in a suit against the United States in the Court of Claims may not be retried in another court at the insistence of a third party, who had a "possible" interest in the case in this court but who failed to appear and protect his interest after timely notice or summons had been served upon him." 420 F.2d 1057, 1060 (Ct. Cl. 1970).
https://www.uscfc.uscourts.gov/node/2927

# APPLE HAD NINE YEARS TO APPEAR IN THE *GOLDEN v. U.S* CASE WITH A PATENT(S) THAT GIVES APPLE PATENT RIGHTS TO THE SMARTPHONE

| 05/30/2014 | 44 | NOTICE, filed by USA *of Filing of Petition for Inter Partes Review at USPTO* (Attachments: # 1 Exhibit Petition for Inter Partes Review at USPTO) (Lee, Kirby) (Entered: 05/30/2014) |
|---|---|---|

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Petitioner, v. LARRY GOLDEN, Patent Owner. **FINAL WRITTEN DECISION**: Case IPR2014-00714:

**Priority Uninterrupted for Plaintiff's Patent(s) Subject Matter:** "Petitioner's declarant, however, has put forward a detailed discussion of various references dated before April 4, 2006 (the date Patent Owner now alleges is the priority date) related to subject matter—We accept this date as the priority date..."

**Sensors / Detectors are "In", "On", "Upon", or "Adjacent":** "In the Decision to Institute, we construed certain claim terms. Those constructions are reproduced in the chart below. Claim Term Construction "built in, embedded" ... "something is included within, incorporated into, disposed within, affixed to, connected to, or mounted to another device, such that it is an integral part of the device" "communication device" ... "monitoring equipment" Dec. to Inst. 11–16. No party challenges these constructions. ... To the extent that any of these constructions remain relevant after the amendment, we see no reason to modify them."

**Communication Device, same as Smartphone:** "[T]he preamble ...: "A communication device of at least one of a cell phone a smart phone a desktop, a handheld, a PDA, a laptop, or a computer terminal at a monitoring site ... Patent Owner further contends that this new language is broad enough to include the removed items, such as cell phones and smart phones, because those items are "species terms" that are "included in the genus 'monitoring equipment' and 'communication device'"

***Note:*** *The preambles of the three patent claims asserted against Google in the above scaled down claim chart is relevant to the Apple smartphones asserted in this case. As a third-party defendant, Apple could have offered evidence and legal arguments to protect its interest, UUSI, LLC v. United States, 110 Fed. Cl. 604 (2013)*

| 06/03/2016 | 79 | MOTION for Summary Judgment of Validity, filed by LARRY GOLDEN. Service: 6/2/2016. **Response due by 7/5/2016.** (dw) (Entered: 06/06/2016) |
|---|---|---|
| 04/11/2017 | 111 | RENEWED MOTION for Summary Judgment of Validity, filed by LARRY GOLDEN. Service: 4/10/2017. **Response due by 5/12/2017.** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (dw) (Main Document 111 replaced on 4/13/2017) (dw). (Entered: 04/13/2017) |

**Apple Fail to Present Its Patent(s) for the Smartphone to the Government for Inclusion in this Case:** While Steve Jobs, now Tim Cook, CEO of Apple, takes pride in deceiving its investors and the American consumer that Steve Jobs invented the Smartphone; to the tune of trillions of dollars in revenue, it should be noted that Steve Jobs first patent [2007] for the Smartphone was a design patent [what the phone looks like]. As noted above, Plaintiff has been trying for years to get Apple, Samsung, LG, and Qualcomm to present at least one patent that antedates Plaintiff's patents that covers the smartphone.

| 11/05/2020 | 197 | MOTION to Dismiss pursuant to Rules 12 (b)(1) and (6), filed by USA. **Response due by 12/3/2020.** (Attachments: # 1 Exhibit 1 - U.S. Patent No. 7,385,497) (Johnson, Grant) (Entered: 11/05/2020) |
| 12/11/2020 | 209 | REPLY to Response to Motion re 197 MOTION to Dismiss pursuant to Rules 12 (b)(1) and (6), filed by USA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Johnson, Grant) (Entered: 12/11/2020) |

**Apple failed to Support the Government:** The Gov't made an attempt at re-litigating priority dates and narrowing the case to one claim of one patent ('497 patent), and argued the other four patents are invalid.

| 06/29/2021 | 235 | ORDER deferring the government's obligation to file its invalidity contentions until resolution of the government's motion to strike 227 and plaintiff's responsive cross motion 231. Signed by Senior Judge Eric G. Bruggink. (pdr) Service on parties made; plaintiff served via U.S. mail. (dls) (Entered: 06/29/2021) |

**Apple failed to Support the Government:** Apple fail to protect its interest by not providing the Gov't with any patents Apple had knowledge of that would invalidate Plaintiff's patents. The Gov't introduced the same non-qualified references of Astrin, Breed, & Mostov, it introduced in the IPR [Estoppel]

After nine years, allowing Apple to challenge Plaintiff's patents at this point will unfairly prejudice the Plaintiff. *See* Rule 403: "[T]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of …: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time…."

Apple has willfully ignored Plaintiff's patents, *Motiva Patents, LLC v. HTC Corporation*, E.D. Texas, 9:18-cv-00179 (Oct. 2019), and Apple has failed to appear to protect its interest, *Bowser, Inc. v. United States,* 420 F.2d 1057, 1060 (Ct. Cl. 1970)

## Pursuant to FRCP Rule 56

Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to challenge Plaintiff's "unjust enrichment" claims, and the resulting "antitrust injury; no genuine dispute that Plaintiff owns the patent rights for the smartphone; and, no genuine dispute to the validity of Plaintiff's patents. This case is ripe for summary judgement, and Plaintiff is entitled to judgment as a matter of law.

Sincerely,

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd day of September, 2022, a true and correct copy of the foregoing "Plaintiff's Reply in Support of Plaintiff's Cross-Motion for Summary Judgement", was served upon the following Defendant by priority "express" mail:

> Jack P. DiCanio
>
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>
> 525 University Avenue, Suite 1400
>
> Palo Alto, California 94301
>
> Phone: (650) 470-4500
>
> Fax: (650) 470-4570
>
> Email: jack.dicanio@skadden.com

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605